OPINION OF THE COURT
Roger J. Miner, J.
This is a proceeding pursuant to CPLR article 78 wherein petitioner seeks judgment “directing the respondents to allow the petitioner to inspect the records duly maintained by said respondents regarding the petitioner’s son, Eric Page, and to discuss said records in periodic conferences with the petitioner and designated employees of the respondent school district.”
Petitioner is the natural father of Eric Page, a fifth grade student at the Herman L. Bradt Elementary School. The child was born on December 6, 1969 and resides with his natural mother, Michiko Page, in the Town of Rotterdam, Schenectady County. It appears that the child’s parents are living separate and apart under the terms of a separation agreement executed in June of 1979. Although a copy of the agreement has not been furnished to the court, it is uncontroverted that the agreement provides for custody in *1050 the mother with rights of visitation to the father. The parents are not divorced and there is no court order affecting custody, visitation or support.
Various requests by petitioner to review his son’s school records and to meet with school authorities respecting his son’s academic progress have been refused. These requests were made both orally and in writing, commencing at about the time of Eric’s enrollment in the Bradt School in September of 1979. On September 15, 1980, Michiko F. Page signed a statement as follows: “I, the undersigned, having legal custody of Eric John Page, persuant [sic] to the separation agreement dated June 14,1979, do not wish or authorize the Mohonasen Central School District to transmit any school records to my former [sic] husband, John N. Page, or grant permission in anyway to see information or to permit said John.N. Page to engage in the educational progress and pursuits such as teacher conferences.” It seems clear that the statement was prepared by officials of the school district and signed at their suggestion.
It is the contention of respondents that petitioner somehow has “abandoned” any interest he might have in his son’s education by agreeing that his wife have custody of the child. While it is true that custody carries the right and obligation to make decisions regarding a child’s education (24 Am Jur 2d, Divorce and Separation, § 796), petitioner does not seek to interfere with any decision made by his wife but merely to inform himself of his son’s development as a student. It is beyond cavil that a noncustodial parent has not “abandoned” his child simply by reason of noncustody and, “while legal custody may be in one or both of the parents, the fact that it is placed in one does not necessarily terminate the role of the other as a psychological guardian and preceptor”. (Weiss v Weiss, 52 NY2d 170, 175.) Moreover, it is well settled that a noncustodial parent presumptively is entitled to custody upon the death of the custodial parent. (People ex rel. Moffett v Cooper, 63 Misc 2d 1005; 2 Foster and Freed, Law and the Family, §29:1.) It would be disastrous for the welfare of a child if an uninformed and ill-prepared parent were suddenly cast into a custodial role upon the occurrence of such a misfortune.
*1051 The Family Educational Rights and Privacy Act of 1974 (US Code, tit 20, § 1232g) does not support the position taken by respondents. It is specifically provided therein that funds shall not be available to educational agencies which deny to parents the right to inspect and review the education records of their children. The regulations implementing the act (34 CFR 99.11) allow inspection by either parent, without regard to custody, unless such access is barred by State law, court order or legally binding instrument. There is no such bar to petitioner’s access here.
Finally, the provisions of the State Education Law, relied upon by respondents to thwart the relief sought by petitioner, have no applicability to the case at bar. Section 3205 deals with requirements for school attendance by minors. Section 3208 pertains to the effect of the mental and physical condition of children upon requirements for attendance. Section 3212 defines the duties of persons “in parental relation” to assure the attendance and proper condition of children for instruction. It is significant that both parents are charged with responsibility under the terms of this statutory provision. Section 3214 has no relevance whatsoever, since it deals with truants and delinquents and their treatment.
Petitioner does not seek to alter custodial rights, as respondents contend; indeed, petitioner seeks no relief which will inequitably affect the rights, duties and obligations of the child’s mother. Accordingly, it was not necessary to join Michiko Page as a party in this proceeding. (Flanagan v Board of Educ., 56 AD2d 574.) Educators and school districts, including respondents, are charged with the duty to act in the best educational interests of the children committed to their care. Although it may cause some inconvenience, those interests dictate that educational information be made available to both parents of every school child fortunate enough to have two parents interested in his welfare.
Submit judgment for petitioner granting the relief requested in all respects.