The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on several questions regarding a noncustodial parent's right of access to his or her child at school and to the child's school records. Your questions will be restated and addressed in the order posed.
Your first question is:
 (1) What rights of access to a child at school does a noncustodial parent have?
I have found no statutory or case law specifically dealing with this issue. As a general matter, however, when custody of a child is given to one parent upon divorce, the other parent's visitation with that child is ordinarily provided for by court order. See 24 Am. Jur. 2d § 999 (1983). It is my opinion that the non-custodial parent's right of access to his or her child at school should be exercised consistently with such court-ordered visitation or as otherwise authorized by the custodial parent.
Your second question is:
 (2) What rights of access to a child's school records does a noncustodial parent have?
The answer to this question is governed by The Family Educational Rights and Privacy Act of 1974, 20 U.S.C. 1232g (1990), which provides, in pertinent part:
 (a)(1)(A) No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying, or which effectively prevents, the parents of students who are or have been in attendance at a school of such agency or at such institution, as the case may be, the right to inspect and review the education records of their children. . . .
Thus, in order to obtain federal funding, a school must permit the parents of a student to review the student's education records. The regulations implementing § 1232g provide that a child's education records must be made available to either parent of the child, unless the school has been provided with evidence that there is a court order, state statute, or legally binding document relating to such matters as divorce, separation, or custody that specifically revokes these rights. See34 CFR § 99.4 (1991). See also Page v. Rotterdam-Mohonasen CentralSchool Dist., 109 Misc. 2d 1049, 441 N.Y.S.2d 323 (1981). Pursuant to these provisions, it appears that a noncustodial parent must be provided access to his or her child's education records, at any school that receives federal funding, unless the right to review such records has specifically been taken away from that parent by court order or by some other pertinent, legally binding document.
Your third question is:
(3) What should be the school's position if:
 (A) the custodial parent objects to the noncustodial parent seeing the child or his records;
 (B) the noncustodial parent wants to take the child home from school; or
 (C) there is a court order stating that the noncustodial parent is to stay away from the child?
In response to question (3)(A), it is my opinion that if a custodial parent objects to the noncustodial parent seeing his or her child at school, the school should respect the custodial parent's wishes unless they are in conflict with an applicable court order. If a court order specifically authorizes the noncustodial parent to pick the child up at school, either at will or in connection with visitation, then it is my opinion that the school should obey the court order despite the wishes of the custodial parent. I cannot advise disobedience of a court order. With respect to a child's education records, it is my opinion that, pursuant to 20 U.S.C. § 1232g, the school should make those records available to the noncustodial parent, despite the objection of the custodial parent.
In answer to question (3)(B), it is my opinion that a school should only permit a noncustodial parent to take his or her child home from school in accordance with an applicable court order or as authorized by the custodial parent. In connection with this question, I would point out that Act 660 of 1993, effective August 13, 1993, prohibits the transfer of a child between the child's custodial and non-custodial parent on school property on normal school days during normal school hours. The act states, however, that it does not prohibit one parent from transporting the child to school and the other parent from picking the child up at pre-arranged times on pre-arranged days with the prior approval of the school principal.
With respect to question (3)(C), I would certainly advise a school to comply with any court order stating that a noncustodial parent is to stay away from his or her child.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh